**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ARCHIE MD, INC.,
                    Plaintiff,

           v.

ELSEVIER, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:
:
:
:
:
:
:
:
:

ECF CASE

Civil Action No. 16-CV-6614 (JSR)

**ANSWER AND AFFIRMATIVE**
**DEFENSES OF ELSEVIER, INC.**
**TO THE COMPLAINT**

Defendant Elsevier, Inc. ("Elsevier"), by its attorneys Proskauer Rose LLP, as and for its answer to the allegations in the Complaint of Plaintiff Archie MD, Inc. ("Archie MD"), states as follows:

## NATURE OF THE CASE

1.      Paragraph 1 of the Complaint is an introductory paragraph that fails to satisfy the requirements of Fed. R. Civ. P. 8(a), and to which no response is required.  To the extent this paragraph is deemed to contain factual allegations to which a response is required, Elsevier denies that it engaged in any acts to support the asserted allegations.

## PARTIES

2.      Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and denies the allegations on that basis, other than that Elsevier admits that Archie MD has licensed certain animations to Elsevier.

3.      Elsevier admits that it is a Delaware corporation, that it is in the business of publishing, including in the medical, health and scientific fields, and otherwise denies the remaining allegations in the first and second sentences of paragraph 3 of the Complaint.  Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 3 of the Complaint, and denies the allegations on that basis.

## JURISTICTION AND VENUE

4.      The allegations contained in paragraph 4 of the Complaint set forth a legal conclusion that Elsevier is not required to admit or deny.  To the extent a response is required,

Elsevier admits that Archie MD purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.  Elsevier denies that there exists any basis in law or fact for Archie MD's claims.

5.    The allegations contained in paragraph 5 of the Complaint set forth a legal conclusion that Elsevier is not required to admit or deny.  To the extent a response is required, Elsevier admits that Archie MD purports to invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.  Elsevier denies that there exists any basis in law or fact for Archie MD's claims.

6.    The allegations contained in paragraph 6 of the Complaint set forth a legal conclusion that Elsevier is not required to admit or deny.  To the extent a response is required, Elsevier admits that Archie MD purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332.  Elsevier denies that there exists any basis in law or fact for Archie MD's claims and denies that there exists any basis for a damages claim asserted by Archie MD.

7.    The allegations contained in paragraph 7 of the Complaint set forth a legal conclusion that Elsevier is not required to admit or deny.  To the extent a response is required, Elsevier admits that Archie MD purports to invoke the personal jurisdiction of this Court pursuant to N.Y.C.P.L.R. §§ 301 and 302.  Elsevier denies that there exists any basis in law or fact for Archie MD's claims.

8.    The allegations contained in paragraph 8 of the Complaint set forth a legal conclusion that Elsevier is not required to admit or deny.  To the extent a response is required, Elsevier admits that Archie MD purports to invoke that venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  Elsevier denies that there exists any basis in law or fact for Archie MD's claims.

## FACTS RELEVANT TO ALL CLAIMS

9.      Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and denies the allegation on that basis.

10.      Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and denies the allegation on that basis.

11.      Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and denies the allegation on that basis.

12.      Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and denies the allegation on that basis.

13.      Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and denies the allegation on that basis.

14.      Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and denies the allegation on that basis.

15.     Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, points out that the registrations are not attached to the Complaint, and denies the allegations in paragraph 15 on those bases.

16.     Elsevier admits that Archie MD and Elsevier entered into a license agreement on or about July 29, 2005, and that the agreement gave Elsevier the right to exploit the animations that were subject to the agreement.  Elsevier denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Elsevier admits that the initial license agreement had a term of three years, and that there were certain amendments to the license agreement during the ensuing years that extended the term of the agreement.  Elsevier denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Elsevier admits that it paid Archie MD over the course of the license agreement for certain specified rights in and to the animations that were the subject of the license agreement, including for ownership rights in certain animations, and otherwise denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     Elsevier denies the allegations contained in paragraph 19 of the Complaint.

20.     Elsevier admits that the license agreement contained the language excerpted within paragraph 20 of the Complaint.  Elsevier denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Elsevier admits that it gave notice to Archie MD of its intent to terminate the license agreement and that Elsevier did terminate the agreement as of July 1, 2015 and otherwise denies the remaining allegations set forth in paragraph 21 of the Complaint.

22.     Elsevier lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and denies the allegation on that basis

23.     Elsevier denies the allegations contained in paragraph 23 of the Complaint.

24.     Elsevier admits that it terminated the license agreement and states that it continues to have the rights under the license agreement to use the Archie MD animations as it is doing, and otherwise denies the allegations set forth in paragraph 24 of the Complaint.

25.     Elsevier states that it continues to have the rights under the License Agreement to use the Archie MD animations as it is doing, that it owns multiple independently created animations available on Evolve, and otherwise denies the allegations set forth in paragraph 25 of the Complaint.

26.     Elsevier admits that it created a channel titled "Elsevier Animation Work in Progress" on Vimeo under the username "Elsevier Multimedia," and otherwise denies the remaining allegations set forth in paragraph 26 of the Complaint.

27.     Elsevier admits that the Vimeo channel contained the videos referenced in paragraph 27 of the Complaint and otherwise denies the remaining allegations set forth in paragraph 27.

28.     Elsevier denies the allegations contained in paragraph 28 of the Complaint.

29.     Archie MD has not identified the animations addressed in paragraph 29 of the Complaint with enough specificity for Elsevier to admit or deny the allegations, and Elsevier denies the allegations on that basis.

30.     Elsevier denies the allegations contained in paragraph 30 of the Complaint.

31.     Elsevier denies the allegations contained in paragraph 31 of the Complaint.

32.     Elsevier admits that John Kim and Dr. Robert Levine communicated in May 2016 on, inter alia, alleged use by Elsevier of Archie MD's animations outside the scope of the License Agreement.  Mr. Kim indicated he was willing to discuss the subject further with Dr. Levine, but Dr. Levine did not get back to Mr. Kim as he said he would, or identify any specific animations Elsevier was no longer permitted to use.  Because no specific animations were identified on the call between Mr. Kim and Dr. Levine, or have been identified in the Complaint, Elsevier lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint, and denies the remaining allegations of Paragraph 32 on that basis.

33.     Elsevier denies the allegations contained in paragraph 33 of the Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)**

34.     Elsevier repeats and realleges its responses to the allegations in paragraphs 1 through 33 of the Complaint.

35.     Elsevier denies the allegations contained in paragraph 35 of the Complaint.

36.     Elsevier denies the allegations contained in paragraph 36 of the Complaint.

37.     Elsevier denies the allegations contained in paragraph 37 of the Complaint.

38.     Elsevier denies the allegations contained in paragraph 38 of the Complaint.

39.     Elsevier denies the allegations contained in paragraph 39 of the Complaint.

40.     Elsevier denies the allegations contained in paragraph 40 of the Complaint.

41.     Elsevier denies the allegations contained in paragraph 41 of the Complaint.

<u>**COUNT II**</u>
<u>**BREACH OF CONTRACT**</u>

42.     Elsevier repeats and realleges its responses to the allegations in paragraphs 1 through 41 of the Complaint.

43.     Elsevier admits that Archie MD and Elsevier entered into a contract on July 29, 2005 whereby Archie MD agreed to license to Elsevier a library of 3-D animations.  Elsevier denies the remaining allegations contained in paragraph 43 of the Complaint.

44.     Elsevier admits that the License Agreement includes a termination clause. Elsevier denies the remaining allegations contained in paragraph 44 of the Complaint.

45.     Elsevier admits the allegations contained in paragraph 45 of the Complaint.

8

46.     Elsevier admits that certain Archie MD animations are displayed on Evolve as permitted under the license agreement, and otherwise denies the allegations contained in paragraph 46.

47.     Elsevier denies the allegations contained in paragraph 47 of the Complaint.

48.     Elsevier denies the allegations contained in paragraph 48 of the Complaint.

49.     Elsevier denies the allegations contained in paragraph 49 of the Complaint.

**COUNT III**
**VIOLATION OF DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836)**

50.     Elsevier repeats and realleges its responses to the allegations in paragraphs 1 through 49 of the Complaint.

51.     Elsevier denies the allegations contained in paragraph 51 of the Complaint.

52.     Elsevier denies the allegations contained in paragraph 52 of the Complaint.

53.     Elsevier denies the allegations contained in paragraph 53 of the Complaint.

54.     Elsevier denies the allegations contained in paragraph 54 of the Complaint.

55.     Elsevier denies the allegations contained in paragraph 55 of the Complaint.

56.     Elsevier denies the allegations contained in paragraph 56 of the Complaint.

57.     Elsevier denies the allegations contained in paragraph 57 of the Complaint.

58.     Elsevier denies the allegations contained in paragraph 58 of the Complaint.

59.     Elsevier denies the allegations contained in paragraph 59 of the Complaint.

60.     Elsevier denies the allegations contained in paragraph 60 of the Complaint.

61.     Elsevier denies the allegations contained in paragraph 61 of the Complaint.

62.     Elsevier denies the allegations contained in paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

Elsevier denies that Archie MD is entitled to the requested relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Elsevier pleads the following affirmative defenses.

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim against Elsevier upon which relief can be granted.

### Second Affirmative Defense
### (Laches)

Archie MD's claims are barred by the doctrine of laches.

### Third Affirmative Defense
### (Statute of Limitations)

Archie MD's claims are barred by the statute of limitations.

### Fourth Affirmative Defense
### (Fair Use)

Archie MD's claims are barred by the doctrine of fair use.

10

**Fifth Affirmative Defense**
**(Independent Creation)**

Archie MD's claims are barred by the doctrine of independent creation.

**Sixth Affirmative Defense**
**(Innocent Intent)**

Archie MD's claims are barred by the doctrine of innocent intent.

**Seventh Affirmative Defense**
**(License)**

Archie MD's claims are barred by license permitting Elsevier's exploitation of the animations.

**Eighth Affirmative Defense**
**(Estoppel and Waiver)**

Archie MD's claims are barred by the doctrines of estoppel and waiver.

**Ninth Affirmative Defense**
**(Lack of Originality)**

Archie MD's claims are barred because the allegedly infringed animations are not sufficiently original to be capable of copyright registration/protection.

**Tenth Affirmative Defense**
**(De Minimis)**

Archie MD's claims are barred by the doctrine of de minimis use.

**Eleventh Affirmative Defense**
**(Work Not Registered with U.S. Copyright Office)**

Archie MD's claims are barred because, upon information and belief, one or more of Archie MD's animations allegedly infringed by Elsevier is not the subject of the U.S. Copyright registrations pled by Archie MD.

**Twelfth Affirmative Defense**
**(Unclean Hands)**

Archie MD's claims are barred by the doctrine of unclean hands.

**Thirteenth Affirmative Defense**
**(Alleged Obligations Contrary to Terms of Written Agreement)**

Archie MD's claims are barred to the extent they are based on alleged obligations of Elsevier that are contrary to or absent from the written agreements between Archie MD and Elsevier.

**Fourteenth Affirmative Defense**
**(Failure to Perform Contractual Obligations)**

Archie MD's claims are barred due to Archie MD's failure to perform all of its obligations under the Agreement.

**Fifteenth Affirmative Defense**
**(Failure to Identify Trade Secret)**

Archie MD's claims are barred because Archie MD cannot identify any protectable, confidential, proprietary, or trade secret information.

**Sixteenth Affirmative Defense**
**(Failure to Protect Information)**

Archie MD's claims are barred because Archie MD failed to take reasonable precautions to protect disclosure of any alleged trade secret.

**Seventeenth Affirmative Defense**
**(Unjust Enrichment)**

Archie MD's claims are barred because any recovery would constitute unjust enrichment.

**Eighteenth Affirmative Defense**
**(Damages Precluded by Contract)**

The damages sought by Archie MD in the Complaint are expressly precluded by the terms of the License Agreement. Archie MD therefore is estopped from seeking those damages in the Complaint and each purported cause of action therein.

12

### Nineteenth Affirmative Defense
### (Failure to Mitigate Damages)

Archie MD has failed to mitigate damages, and therefore is entitled to no relief, or to reduced relief.

### Twentieth Affirmative Defense
### (Damages Caused by Own Actions)

If Archie MD suffered any damages (which Elsevier denies), such damages were caused by or contributed to, in whole or in part, by its own actions and/or omissions.

### Twenty-First Affirmative Defense
### (Good Faith)

Archie MD's claims are barred because Elsevier at all times acted in good faith and without malice, willfulness, recklessness, or evil intent.

### Twenty-Second Affirmative Defense
### (Failure to Allege Punitive Damages)

Archie MD is not entitled to punitive damages.  There is no basis, legal or factual, for any demand for punitive damages.

### Twenty-Third Affirmative Defense
### (No Immediate or Irreparable Harm)

Archie MD is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Archie MD has an adequate remedy at law.

### Twenty-Fourth Affirmative Defense
### (No Likelihood of Success on the Merits)

Archie MD is not entitled to injunctive relief because it cannot meet its burden of demonstrating likelihood of success on the merits of any of its claims for relief.

### Twenty-Fifth Affirmative Defense
### (Public Policy)

Archie MD's claims are barred due to violation of public policy.

Elsevier reserves the right during or after discovery to assert any additional defenses as may be appropriate.

## JURY TRIAL DEMANDED

Elsevier hereby demands a jury trial on all issues in the Complaint triable to a jury.

WHEREFORE, Elsevier demands judgment against Archie MD as follows:

(a) dismissing the Complaint in its entirety, with prejudice;

(b) awarding Elsevier its costs and attorneys' fees, including without limitation statutory costs and attorneys' fees pursuant to 17 U.S.C. § 505 and 18 U.S.C. § 1836(b)(3)(D), in connection with the defense of this action; and

(c) granting any such other and further relief as the Court deems just and proper.

DATED: September 28, 2016          PROSKAUER ROSE LLP

/s/Alexander Kaplan
Alexander Kaplan
Russell L. Kostelak
Eleven Times Square
New York, New York 10036
Tel. 212-969-3000
Fax 212-969-2900
akaplan@proskauer.com
rkostelak@proskauer.com

*Attorneys for Defendant*
*Elsevier, Inc.*

14